**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSEPH MELE,<br>*Plaintiff,*<br>v.<br>MEDIDATA SOLUTIONS, INC.,<br>*Defendant.* | Case No. 2:25-cv-03704-ES-JBC<br>Hon. James B. Clark<br>**ORDER GRANTING PLAINTIFF'S MOTION TO SEAL** |

**THIS MATTER** having been brought before the Court by way of Defendant Medidata Solutions, Inc's ("Medidata") Motion to Seal certain excerpts of the attachments to Medidata's Notice of Removal (ECF No. 1); and the Court having considered the parties' submissions and proposed sealed information, and the factors contained in Local Civil Rule 5.3(c)(2); and for other and good cause having been shown, the Court hereby finds:

**FINDINGS OF FACT**

1. On May 1, 2025, Medidata filed with this Court a Notice of Removal (ECF No. 1) with copies of Plaintiff's Complaint, originally filed in the Superior Court of New Jersey, attached as Exhibits A and B.

2. Plaintiff's complaint included at Paragraph 29 highly sensitive, confidential and proprietary information concerning Plaintiff's business model and revenue streams (the "Confidential Information"). Medidata filed such information redacted to protect that sensitive information.

3. Medidata timely moved to seal the Confidential information.

4. Medidata seeks to protect the Confidential Information identified in the

Declaration of Josh Schwartz filed in Support of the Motion to Seal ("Schwartz Declaration") pursuant to Local Civil Rule 5.3.

**The Confidential Information Filed Under Seal**

5. The Confidential Information, which is identified in the Schwartz Declaration, refers to competitively sensitive information relating to the business model and revenue streams of Medidata. *See* Schwartz Declaration ¶¶ 3, 14.

6. Medidata has a legitimate interest in maintaining the confidentiality of this information in order to protect Medidata's confidential and proprietary business information from Medidata's competitors or potential competitors. *See id*. ¶¶ 6-9.

7. The clearly defined and serious injury that would result should the Confidential Information not be sealed is the disclosure of highly confidential and proprietary business information. Disclosure of such confidential information would allow any competitor of, or any person or entity seeking to compete with, Medidata access to its confidential information, which comprises a clearly defined and serious injury. *See id*. ¶¶ 10, 14. Revealing such information would be highly damaging to Medidata, and it may further chill other entities from seeking to protect against the disclosure of their confidential information.

8. There is no less restrictive alternative available other than to seal the unredacted materials containing the Confidential Information identified in the Schwartz Declaration, as Medidata already seeks to redact only the minimum amount of text (only a partial sentence) that comprises the Confidential Information. *See id*. ¶¶ 11, 14.

9. No party or non-party has objected to the materials in this case remaining under seal. *See id.* ¶ 13.

## CONCLUSIONS OF LAW

10. The Court, having considered this matter pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 5.3, and the submissions in support of the Motion, finds that Medidata has satisfied its burden of proving under Local Civil Rule 5.3(c) and applicable case law, that the information sought to be sealed by Medidata contains confidential information that warrants sealing.

11. Although there exists in civil cases a common law public right of access to judicial proceedings and records, the right of public access is not absolute and the presumption of public access is rebuttable. See *Goldstein v. Forbes (In re Cendent Corp.)*, 260 F.3d 183, 192, 194 (3d Cir. 2001) (citation omitted). The party seeking to seal part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Indiana Hospital*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). The Court has power to seal confidential information based on its inherent supervisory authority over its own records and files to deny public access to judicial records where those records might "become a vehicle for improper purposes." *In re Cendent*, 260 F.2d at 194.

12. Information that is "commercially sensitive information relating to [a] party's sensitive business information and financial information" may properly be sealed. *Eagle View Technologies, Inc. v. Xactware Solutions, Inc.*, 2020 WL 11028382, at *2 (D.N.J., 2020); *see also Boehringer Ingelheim Vetmedica, Inc. v. Intervet Inc.*, 2018 WL 10509660, at *1 (D.N.J., 2018) (materially is properly sealed where it contains "confidential research, development, or commercial information… to prevent harm to a litigant's competitive standing in the marketplace") (citations omitted).

13. Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a motion to seal or otherwise restrict public access should be granted. Specifically, it requires a showing of: (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interest which warrants the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief sought is not available.

14. The information identified in the Schwartz Declaration, satisfies the standards set forth in Local Civil Rule 5.3(c) and there is no less restrictive alternative to sealing the materials.

**WHEREFORE**, the Court having found that the relief sought is warranted, and for good cause shown,

**IT IS ON THIS ___DAY OF ___, 2025, ORDERED AS FOLLOWS:**

1. The Motion to Seal is **GRANTED**.

2. The material identified in the Schwartz Declaration contains confidential and/or highly confidential information and shall remain sealed.

**IT IS SO ORDERED.**

So ordered.

Dated: May 15, 2025
Newark, New Jersey

*s/ James B. Clark, III*

HONORABLE JAMES B. CLARK, III, U.S.M.J.